UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY JULIENNE YOUNG,

                              Plaintiff,

v.                                                Civil Action No. _____

PREMIER RECOVERY GROUP, INC. and
JOEY YOUNGER

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to their federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff, Mary Julienne Young, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant, Premier Recovery Group, Inc., (hereinafter "Premier") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Upon information and belief, Defendant Joey Younger (hereinafter "Younger") is a resident of the State of New York.

8. Defendants regularly attempt to collect debts alleged to be due another.

9. The acts of the Defendant, Premier, alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. Upon information and belief, Defendant, Younger, is the owner, president, CEO, vice president, manager and/or agent for service of Defendant, Premier.

11. Upon information and belief, the acts of Defendant, Premier, came at the direction of Defendant, Younger.

12. Upon information and belief, Defendant, Younger had knowledge of Defendant, Premier's conduct.

13. Upon information and belief, Defendant Younger exercised control, dominated over, and was the alter ego of the affairs of Defendant, Premier.

14. Upon information and belief, Defendant Younger was the moving, active conscious force behind Defendant, Premier's tortuous acts alleged herein.

15. Upon information and belief, Defendant Younger authorized, approved, and took part in the tortuous acts of Defendant, Premier, alleged herein.

16. At all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

17. Defendants at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

18. At all times relevant herein, Defendants have used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

19. Defendants, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

20. Defendants, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

21. Defendants, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

22. Defendants, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

23. All references to "Defendants" herein shall mean the Defendants or an employee of the Defendants.

### IV. FACTUAL ALLEGATIONS

24. Plaintiff incurred a pay day loan debt.  This debt will be referred to as "the subject debt."

25. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26. Upon information and belief, Plaintiff thereafter defaulted on the subject debt.

27. Upon information and belief, Defendants were employed by the original or subsequent creditor to collect on the subject debt.

28. In or about February, 2012, Defendants began calling Plaintiff on her home and cellular telephone multiple times per week, often multiple times per day, in an attempt to collect on the subject debt. Sometimes Plaintiff would speak to Defendants, and sometimes Defendants would leave voice mail messages for Plaintiff on her home and cellular telephone.  That during many of the communications with Plaintiff, Defendants failed to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

29. Plaintiff never gave permission or consent to Defendants to call her cellular telephone.

30. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

31. In or about March, 2012, and for some time thereafter, during several of the conversations between Plaintiff and Defendants, Defendants threatened that Plaintiff would be criminally and civilly prosecuted in court, that they were going to get a charge against Plaintiff for intent to defraud a financial institution, and that they talked to a bank manager at her bank, and that the bank manager was going to sign an affidavit against her, and that this affidavit would be filed in the Erie County Clerk's Office, all in an attempt to collect the subject debt.

32. In or about May, 2012, due to the threats as reiterated in paragraph 21, Plaintiff agreed to pay the subject debt.

33. Beginning in or about March, 2012, and for some time thereafter, Defendants left several voice messages on Plaintiff's voicemail which state, among other things:

    A. That it was a "final notification", and that the Plaintiff had 24 hours before escalation ensues (this message was left several times over several days);
    B. There is fraud against Plaintiff's social security number, and they needed a statement from Plaintiff's attorney before legal action is taken;
    C. They will take further legal action;
    D. Plaintiff's information is in the process of pre-litigation;
    E. There is pending legal matter requiring Plaintiff's immediate attention;
    F. There are court documents requiring Plaintiff's signature;

34. That despite Defendants' statements, they had not been authorized by the original or subsequent creditor to pursue legal action against Plaintiff, and did not intend to do so.

35. Plaintiff has never received the required 30-day validation notice as is required by 15 U.S.C. §1692g.

36. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

**V. COUNT ONE**
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

37. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 36 above.

38. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer as described above in paragraphs 21 and 23.

    B. Defendants violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(1) by threatening criminal action against Plaintiff.

    C. Defendants violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    D. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(7), and 15 U.S.C. §1692e(10) by using false and misleading representations or means in connection with debt collection, by misrepresenting the character, amount and legal status of the alleged debt, by threatening criminal action against the Plaintiff, by threatening to take action that cannot legally be taken or that is not intended to be taken, by accusing Plaintiff of committing a crime, and by using other false or deceptive means to collect the subject debt as described above.

    E. Defendants violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt in the multiple messages left for Plaintiff.

    F. Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect the subject debt when using the language as described above in paragraphs 21 and 23.

    G. Plaintiff never received the 30-day debt validation notice required by 15 U.S.C. §1692g.

39. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

40. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

41. The Defendants at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

42. The acts and/or omissions of the Defendants at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

43. The acts and/or omissions of the Defendants at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

44. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

45. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

46. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys' fees.

47. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

48. The Defendants caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  November 2, 2012

/s/ Kimberly T. Irving_____
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
          kirving@kennethhiller.com