UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARY JULIENNE YOUNG,

                                  Plaintiff,

             -vs-                                                          12-CV-1090C

PREMIER RECOVERY GROUP, INC., and
JOEY YOUNGER,

                                  Defendants.

_____

Currently before the court is plaintiff's motion for sanctions.  Item 37.  Plaintiff

commenced this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.

1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act of 1991 ("TCPA")

with the filing of a complaint on November 8, 2012. Item 1.  Defendants interposed an

answer on December 5, 2012. Item 5.  After an unsuccessful attempt to mediate the

dispute, the parties proceeded to discovery.  Thereafter, plaintiff served the defendants

with discovery demands and deposition notices.  Defendants did not respond to the

discovery demands, did not respond to plaintiff's subsequent motion to compel (Item

25), and did not respond to the court's order granting the motion and directing the

defendants to respond to plaintiff's discovery demands.  Item 27.  On June 21, 2015,

new counsel appeared on behalf of the defendants and, upon consent of all parties, the

court granted a motion to substitute counsel. Items 29 - 34.

Following the substitution of counsel, at a status conference on September 9,

2015, defense counsel advised the court that he was unable to retrieve the case file

from defendants' previous counsel.   On September 23, 2015, plaintiff filed this motion

for sanctions, seeking, *inter alia,* attorney's fees occasioned by her attorney's efforts to obtain discovery, including the motions to compel and for sanctions.  Item 37.

Defendants filed a response to the motion for sanctions on October 22, 2015, blaming prior counsel for the delay in their production of discovery responses. Item 40. They recognized that discovery responses were overdue, but stated that discovery has now been served.  In an effort to retrieve the case file, defendants were required to serve a subpoena on their previous attorney, who has been censured by the Appellate Division of New York State Supreme Court for improper representation of other clients. Defendants argue that the imposition of sanctions on them, for the conduct of their previous counsel, would be unjust.

Federal Rule of Civil Procedure 37 "provides a non-exclusive list of sanctions that may be imposed on a party for failing to obey an order to provide or permit discovery." *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 179 F.R.D. 77, 80 (D.Conn. 1998) (citing *Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.*, 930 F.2d 1021, 1027 (2d Cir. 1991) Fed.R.Civ.P. 37(b)(2)(A)(i)-(vii). "Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." *Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir.1991) (citation omitted).  In this case, it is within the court's discretion to impose a monetary sanction, as requested by plaintiff, including "attorney's fees, caused by the failure." Fed.R.Civ.P. 37(b)(2)(C), (c)(1)(A).

Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including: (1) the willfulness of the non-compliant

party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance, and (5) whether the non-compliant party had been warned of the consequences of his non-compliance. *Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 208 (2d Cir. 2002) (citations omitted).  In addition, an award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general. *Id.*

The court is aware of the problems caused by previous defense counsel in this and other cases.  While it would be within the court's discretion to impose a monetary sanction for the defendants' failure to comply with the court's discovery order, such a sanction under the circumstances of this case is unwarranted.  Discovery has been served and the case appears to be progressing in a satisfactory manner with substitute counsel.  Moreover, the defendants have not benefitted from their earlier non-compliance with discovery deadlines.  Accordingly, the motion for sanctions is denied without prejudice to renew should it appear that defendants are currently in contempt of the court's discovery orders.  Additionally, the court will conduct a telephone status conference to establish a further schedule in the case, the date and time of which will be transmitted by separate text order.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated:   January 6,  2016